IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **AMBRYA MYERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO:** |
| **v.** | ) | **1:24-CV-01369-SEG-JKL** |
| | ) | |
| **NELNET SERVICING, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

# JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Ambrya Myers ("Plaintiff") and Defendant Nelnet Servicing, LLC ("Nelnet") hereby file their Joint Preliminary Report and Discovery Plan in the above-styled matter, pursuant to N.D. Ga. Local Rule 16.2, and state as follows:

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff brings claims and seeks damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, against Nelnet.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**<u>Plaintiff's Response</u>:**

Plaintiff has a twin sister. They are different people with different social security number, different first names, different middle names, different debts, and different lives. Both Plaintiff and her sister have loans with the United States Department of Education (the "DOE"). Plaintiff's loans have different account numbers, open dates, balances, terms, and other information from her twin sister's DOE loans. Defendant is the loan servicer for Plaintiff's student loans, as well as her twin sister's loans.

In 2023 Plaintiff learned one or more of Equifax, Experian, and Trans Union (the "CRAs") were reporting her sister's student loans serviced by Defendant as belonging to her. This misattribution of the loans to Plaintiff made it appear as if she has more loans and higher balances than she actually has, and negatively impacted her credit score and ability to obtain credit.

Plaintiff attempted to fix the errors by filing several disputes with the CRAs. In her disputes Plaintiff explained which loans belonged to her sister, and which loans belonged to her. The CRAs forwarded Plaintiff's disputes to Defendant for reinvestigation. Defendant did not correct the loan misattribution, and instead told the CRAs that Plaintiff's sister's loans belong to Plaintiff. As a result those loans remained on Plaintiff's credit reports.

**<u>Defendant Nelnet's Response</u>:**

On April 5, 2024, Plaintiff filed suit against Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681. Plaintiff has a twin sister, over the course of the last two years, Plaintiff became aware of nine Department of Education loans which she believed belonged to her sister that were being reported as Plaintiff's loans to Equifax, Experian, and Trans Union. Upon notification by Plaintiff, Defendant conducted and internal investigation into Plaintiff's claims. During the investigation, the loans at issue were not reported to Equifax, Experian or Trans Union. The results of Defendant's internal investigation for Plaintiff's claims to be unsubstantiated.

**(c) The legal issues to be tried are as follows:**

*Plaintiff contends the following are the legal issues to be tried*:

1. Whether Nelnet conducted a reasonable reinvestigation of Plaintiff's disputes, as required by Section 1681s-2(b) of the FCRA;
2. Whether any FCRA violations by Nelnet were negligent or willful;
3. Whether Nelnet caused Plaintiff's actual damages, and if so, the amount of actual damages; and
4. Whether Nelnet should pay punitive damages, and if so, the amount of punitive damages.

*Nelnet contends the following are the legal issues to be tried against it*:

1. Whether Nelnet conducted a reasonable reinvestigation of Plaintiff's disputes, as required by Section 1681s-2(b) of the FCRA;
2. Whether any FCRA violations by Nelnet were negligent or willful;
3. Whether Nelnet caused Plaintiff's actual damages, and if so, the amount of actual damages; and
4. Whether Nelnet should pay punitive damages, and if so, the amount of punitive damages.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:** None.

**(2) Previously Adjudicated Related Cases:** None.

**2. Complexity:**

**This case is complex because it possesses one (1) or more of the features listed below (please check):**

**_____ (1) Unusually large number of Parties (potentially)**
**_____ (2) Unusually large number of claims or defenses (potentially)**
**_____ (3) Factual issues are exceptionally complex**
**_____ (4) Greater than normal volume of evidence**
**_____(5) Extended discovery period is needed**
**_____ (6) Problems locating or preserving evidence**
**_____ (7) Pending parallel investigations or actions by government**
**_____ (8) Multiple use of experts**
**_____ (9) Need for discovery outside United States boundaries**
**_____ (10) Existence of highly technical issues and proof**

**_____ (11) Unusually complex discovery of electronically stored information**

**Response:** The parties are engaged in an informal discovery and negotiation process prior to the commencement of formal discovery, and they request a later expiration of the discovery period to ensure sufficient time for formal discovery if it is needed. Accordingly, the parties request a discovery period ending December 13, 2024.

**3. Counsel:**

**The following individually named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:

Andrew Weiner
Jeffrey Sand
Weiner & Sand LLC
800 Battery Ave. SE
Suite 100
Atlanta, GA 30339
Tel: 404-254-0842
aw@wsjustice.com
js@wsjustice.com

Nelnet:

Daniel J. Huff
Josephine J. Hardin
Huff, Powell & Bailey, LLC
999 Peachtree Rd NE
Suite 950
Atlanta, GA 30309
Tel: 404-892-4022
dhuff@huffpowellbailey.com
jhardin@huffpowellbailey.com

**4. Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**___ Yes __X__ No**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5. Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

**Response:** The parties do not believe there are any additional necessary parties who have not been joined but reserve the right to supplement this response to join parties and amend the pleadings as permitted by the Federal Rules of Civil Procedure, the Local Rules, and any applicable scheduling order entered by the Court.

**(b) The following persons are improperly joined as parties:**

**Response:** None.

**The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

**Response:** None.

**(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

**Amendments and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

**Response:** Plaintiff expects she may file an amended or supplemental complaint depending on information obtained in discovery and events concerning Plaintiff's credit or credit reporting that occur in the future. Plaintiff will do so according to the procedures set forth in Fed. R. Civ. P. 15 and L.R. 15.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

**Response:** The parties will exchange initial disclosures on or before July 15, 2024.

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

**Response:** The parties do not seek a scheduling conference at this time.

**10. Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Response:** None.

**Cases in this court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**Plaintiff:** The allegations and defenses raised in the pleadings; the information reported by Defendant concerning Plaintiff; the actions taken by Defendant in reinvestigating and responding to Plaintiff's disputes; communications between Plaintiff and Defendant; communications between Defendant and any third party relating to Plaintiff; Plaintiff's damages; and whether Defendant's conduct was willful or negligent.

**Defendant Nelnet:**

The allegations and defenses raised in the pleadings; the actions taken by Defendant in investigating and responding to Plaintiff's disputes; communications between Plaintiff and Defendant; communications between Plaintiff and any third party relating to Plaintiff's Nelnet accounts; and Plaintiff's damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

**Response:** The parties respectfully request that the Court assign this matter to a 6-month discovery track. Counsel for the parties are seeking a longer discovery schedule because they would like to continue exploring the possibility of early case resolution prior to beginning time-intensive and costly discovery. Counsel for the parties have a good working relationship and have learned that early case resolution can take a substantial amount of time as they engage in early, informal exchange of information. Accordingly, the parties are asking for a 6-month discovery track to allow them to continue pursuing Rule 408 discussions without immediately launching into formal discovery.

**11. <u>Discovery Limitation and Discovery of Electronically Stored Information</u>:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

**Response:** The parties agree that in the event privileged documents or communications are inadvertently produced, such will be returned to the producing party and will not be used in this litigation until the Court has made a determination

as to the admissibility of such materials. The parties agree that producing documents and other communications inadvertently will not operate as a waiver of privilege.

**(b) Is any party seeking discovery of electronically stored information?**

**_X_ Yes ____ No**

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

**Response:** The parties will produce electronically stored information as .pdfs and/or printed documents. The .pdfs will be in searchable format to the extent possible.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

**Response:** The parties agree, with respect to any e-mails and electronic documents and data produced to each other in this case, that electronically stored information may be produced in .pdf format. The parties consent to service of anything required to be served, including electronically stored information, via electronic means to their e-mail addresses of record pursuant to Fed. R. Civ. P.

5(b)(2)(E). Any electronically stored information that cannot be sent via e-mail should be on a disk or an agreed-upon secure internet method.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

**Response:** The parties anticipate filing a proposed protective order to address the production of confidential information.

**13. Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on June 13, 2024, by telephone and email, respectively, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff:** **Lead counsel (signature):** */s/ Jeffrey Sand*
**Other participants:**

**For defendant: Nelnet** **Lead counsel (signature):** */s/ Josephine J. Hardin*
**Other participants:**

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**( x ) A possibility of settlement before discovery.**
**( x ) A possibility of settlement after discovery.**
**(___) A possibility of, but a conference with the judge is needed.**
**(___) No possibility of settlement.**

**(c) Counsel ( x ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is on** TBD.

**(d) The following specific problems have created a hindrance to settlement of this case.** Not applicable.

**14. <u>Trial by Magistrate Judge</u>:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (__) do consent to have this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _______ day of __________ 20___.**

**(b) The parties (<u>X</u>) do not consent to having this case tried before a magistrate judge of this Court.**

Dated: June 18, 2024

*<u>/s/ Jeffrey Sand</u>*
Jeffrey B. Sand
Georgia Bar No. 181568
Andrew Weiner
Georgia Bar No. 808278
WEINER & SAND LLC
800 Battery Ave. SE
Suite 100
Atlanta, GA 30339
Tel: (404) 254-0842
Fax: (866) 800-1482
aw@wsjustice.com
js@wsjustice.com

*<u>/s/ Josephine J. Hardin</u>*
Daniel J. Huff
Georgia Bar No. 374860
Josephine J. Hardin
Georgia Bar No. 676317
Huff, Powell & Bailey, LLC
999 Peachtree Rd NE
Suite 950
Atlanta, GA 30309
Tel: (404) 892-4022
Fax: (404) 892-4033
dhuff@huffpowellbailey.com
jhardin@huffpowellbailey.com

***Counsel for Plaintiff*** ***Counsel for Nelnet Servicing, LLC***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

<table>
<tr><td>AMBRYA MYERS,<br><br>Plaintiff,<br><br>v.<br><br>NELNET SERVICING, LLC,<br><br>Defendant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>CIVIL ACTION NO:<br>1:24-CV-01369-SEG-JKL</td></tr>
</table>

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified: Discovery period to end on December 13, 2024, with all subsequent dates to follow therefrom as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED, this ____ day of _____________, 2024.

________________________________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **AMBRYA MYERS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NELNET SERVICING, LLC,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO:**<br>**1:24-CV-01369-SEG-JKL** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2024, I electronically filed the foregoing **Joint Preliminary Report and Discovery Plan** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

By: *s/ Jeffrey Sand*
Counsel for Plaintiff